OPINION OF THE COURT
Martin Evans, J.
This respondents’ motion to reargue the decision of this court dated October 26,1982 (Matter of Tafnet Realty Corp. v New York City Dept. of Bldgs., 116 Misc 2d 609) is denied.
Movants have not met their burden of proving that the court incorrectly decided, ignored or misapprehended any controlling question of law or fact in rendering the underlying decision questioned here. Rather, it is respondents who apparently misunderstand both the decision of the court and the law of nuisance.
Respondent begs the question by the facile declaration, “[tjhere is, of course, a clear difference between a cause of action and a remedy.” Yet, it is respondents’ own papers which obscure that “clear difference” by inadequate and inartfully articulating its causes of action. In order to decide the petitioner’s motion to dismiss the counterclaims, *499 it was imperative for the court to differentiate the various remedies sought by respondents. Thus, the court denied injunctive relief sought (e.g., rental of vacant rooms and other specific acts which could conflict with intention of the Housing Court) which was either properly the subject of the city’s own ongoing proceeding in another forum, or which would have rendered meaningless the city’s own building permit, and nullified the court’s own decision vacating the improper revocation. There is, of course, a clear difference between a proper application for injunctive relief, and an improper attempt to obtain by indirection that which has been directly denied. Contrary to respondents’ obvious misapprehension, the court did not “state its opinion” as to the appropriateness of certain remedies in dicta; it denied requested injunctive relief to which respondents were not legally entitled, and as to which no triable question of fact existed. To have “preserved the issue * * * for another day”, as respondents rather remarkably request, would have been to leave the motion undecided, and shirk the court’s responsibility.
The city’s submission did contain convincing evidence of a pattern of harassment of tenants; accordingly, the court issued an injunction against harassment. The city’s submissions also provided a sufficient basis for holding that a cause of action for common nuisance was stated. If the city can prove its allegations of, inter alia, unsanitary, unsafe and unhealthy conditions, it may succeed in proving its nuisance claim. Nevertheless, the city cannot claim, as it appears to do, that the mere attempt to legally convert a building from a single-room occupancy to a class A multiple dwelling, according to a permit which the city itself issued, constitutes a nuisance. Absent the other evidence of hazardous or noxious conditions, indicated by the city’s submissions, the nuisance claim would fail to state a cause of action. Absent other evidence, legal building alteration per se cannot, as a matter of law, constitute nuisance. Indeed, having issued a building permit enabling the alteration, upon which petitioner has relied, respondents are estopped from arguing that the conversion, in and of itself, amounts to a nuisance.[1]
*500 Over five months ago, given the evidence of harassment and hazardous condition to which the harassment may have contributed, this court directed that the nuisance claim proceed to an immediate trial. Whether or not the conditions at the Arvia Hotel constituted, and still constitute, a nuisance is a triable question of fact which cannot be finally determined on this motion. Respondents’ attempts to relitigate the nuisance question here are inappropriate.[2] Rather, respondents’ remedy is to marshal its evidence of dangerous conditions and expeditiously proceed to trial.

. The court is aware of serious policy considerations which cast doubt on the advisability of continued conversion of single-room occupancy housing to class A *500 dwellings. The court appreciates respondents’ expressed concern for the building’s tenants. Nevertheless, neither political considerations nor good intentions can excuse the city from respecting fundamental due process rights, or permit the court to disregard the law. Once the city, through the legislative process, decided to permit such conversions, and once it approved petitioner’s plans and issued a permit, it cannot peremptorily revoke it without according petitioner prior notice of the reasons for the proposed revocation, and an opportunity to be heard. Having been clearly so instructed by the court’s prior decision, the city cannot use ongoing litigation or collateral applications for injunctive relief under the pretext of preserving the action’s res as a means of preventing the conversion. (Indeed, this court exercised its discretion, by staying entry of its prior order for five days, so as to permit respondents to apply for a further stay before the Appellate Division; respondents inexplicably chose not to avail themselves of this opportunity.)

. Restoration of the alteration permit, having been directed, is law of the case, and binding on the future course of this litigation.